# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 24, 2008

Charles R. Fulbruge III
Clerk

No. 06-20884
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ELMER ANTONIO MADRIGALES-REYES,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:06-CR-207-2

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Elmer Madrigales-Reyes appeals the sentence that followed his guilty-plea conviction of conspiracy to transport and harbor undocumented aliens for commercial advantage and private financial gain in violation of 8 U.S.C. § 1324. For the first time on appeal, he challenges the upward departure made pursuant to U.S.S.G. § 5K2.8, p.s. He argues that the district court erred by both applying

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the two-level enhancement under U.S.S.G. § 3A1.3 and departing upwardly based on the same conduct; that the court should have applied another guideline provision instead of the § 3A1.3 increase or the upward departure; and that the circumstances did not rise to the level of extreme conduct to justify the upward departure. Madrigales-Reyes has not shown that the court plainly erred. United States v. Olano, 507 U.S. 725, 731-37 (1993); United States v. Anderson, 5 F.3d 795, 804 (5th Cir. 1993).

Madrigales-Reyes asserts for the first time on appeal, without further argument or citation to authority, that the court should not have applied the U.S.S.G. § 2L1.1(b)(2)(C) increase for more than one hundred aliens or the two-level increase under § 3A1.3 while also departing upwardly based on factors that applied to only a few of the aliens. Madrigales-Reyes has not adequately briefed and, thus, has waived these arguments. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); see also United States v. Flores, 63 F.3d 1342, 1374 n.36 (5th Cir. 1995).

Madrigales-Reyes contends the district court erred in applying the nine-level enhancement pursuant to § 2L1.1(b)(2)(C) because there is no evidence affirmatively linking him to more than one hundred aliens. Based on the facts in the presentence report, and absent any rebuttal evidence contesting those facts, the court was permitted to accept as true the fact that Madrigales-Reyes's conspiracy offense involved more than one hundred aliens. See United States v. Washington, 480 F.3d 309, 320 (5th Cir. 2007). The determination that the offense involved more than one hundred aliens is plausible in light of the record as a whole and is therefore upheld. United States v. Angeles-Mendoza, 407 F.3d 742, 750 (5th Cir. 2005). The district court also did not procedurally err in sentencing Madrigales-Reyes, who does not challenge the substantive reasonableness of the sentence. See Gall v. United States, 128 S. Ct. 586, 597 (2007).

AFFIRMED.